IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMES WALLACE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-26-152-SLP |
| | ) |
| BROTHERHOOD MUTUAL INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

**O R D E R**

Before the Court is Defendant's Objection To and Motion to Quash Plaintiff's Subpoena *Duces Tecum* Directed to Nonparty Welborn Insurance Agency, Inc., Motion for Protective Order, and Brief in Support (the Motion) [Doc. No. 13]. Plaintiff has filed a Response [Doc. No. 14].

In the Motion, Defendant certifies that it complied with LCvR 37.1, stating that "counsel for Plaintiff and counsel for BMIC met and conferred via telephone in good faith on February 24, 2026, to resolve this discovery dispute but were unable to reach an accord." Mot. [Doc. No. 13] at 1. Plaintiff states "[t]he parties conducted the conference required by Fed. R. Civ. P. 26(f) on February 24, 2026, but did not discuss the third-party subpoena to Welborn Insurance Agency, Inc. . . . because the subpoena did not exist at the time of the conference." Resp. [Doc. No. 14] at 1. Counsel for Plaintiff represents that they did not become aware of the Motion until counsel for Welborn Insurance Agency stated they were withholding the production of documents until after resolution of the Motion. *See id*.

By signing the Motion, counsel for Defendant represented to the Court that they had complied in good faith with the Federal Rules of Civil Procedure and the Court's Local Rules before filing the Motion. *See* Fed. R. Civ. P. 11(b). Plaintiff's response brief suggests that there was no such compliance whatsoever. The Court is deeply troubled by the discrepancies in the parties' accounts of the required discovery conference. Counsel for Defendant is strongly admonished that the failure to comply with the Federal Rules of Civil Procedure and the Court's Local Rules in future filings may result in the imposition of sanctions that the Court deems just.

Upon consideration, the Court finds that the parties have not meaningfully complied with the good faith conferral requirement of LCvR 37.1 and that many—if not all—of the disputes appear capable of resolution through reasonable, cooperative efforts without judicial intervention. Accordingly, the Court must "refuse to hear" the Motion at this time. *See* LCvR 37.1.[1] Both parties are strongly reminded that LCvR 37.1 requires not merely perfunctory contact, but a "sincere attempt to resolve differences" in good faith. *Id.*

Defendant's Motion also requests the entry of a protective order in the matter. Defendant's filing does not comply with LCvR 7.1(c), which states "[e]ach motion shall be a separate document, except where otherwise allowed by law, these rules, or court order.

---

[1] *See also Harvest Grp. LLC v. Love's Travel Stops & Country Stores, Inc.*, No. CIV-20-00435-JD, 2024 WL 4880747 (W.D. Okla. Nov. 25, 2024) (denying motion to compel for failure to comply with LCvR 37.1); *Smith v. C.R. Bard, Inc.*, No. CIV-19-00849-PRW, 2020 WL 13648610 (W.D. Okla. Nov. 4, 2020); *Jobson v. United States ex rel. Dep't of Veteran Affs.*, No. CIV-17-574-SLP, 2018 WL 8299886, at *6 (W.D. Okla. Aug. 27, 2018) (refusing to hear portion of motion that were not discussed in the meet and confer); *Taylor v. Boise Cascade Express, a Div. of Boise Cascade Off. Prods.*, No. CIV-04-0266-L, 2004 WL 7332758 (W.D. Okla. Dec. 14, 2004).

LCvR 7.1(c).  Plaintiff's filing contains two motions—a motion to quash and a motion for entry of a protective order.  Accordingly, the filing violates Rule 7.1(c).

IT IS THEREFORE ORDERED that Defendant's Objection To and Motion to Quash Plaintiff's Subpoena *Duces Tecum* Directed to Nonparty Welborn Insurance Agency, Inc., Motion for Protective Order, and Brief in Support [Doc. No. 13] is DENIED. Defendant's Motion, to the extent it is pursuant to Fed. R. Civ. P. 45, is denied for failure to meaningfully comply with LCvR 37.1.  The parties are directed to discuss and sincerely endeavor to resolve *each and every* objection in contention.  If, after a sincere and good faith conference, the parties are unable to resolve all disputes, Defendant may file an appropriate motion to quash limited to the matters that remain genuinely contested.

IT IS FURTHER ORDERED that Defendant's request for entry of a protective order is DENIED without prejudice to refiling.  Should the Parties request the entry of a protective order, they are directed to do so in a separate motion.

IT IS SO ORDERED this 9th day of March, 2026.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE