**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| JAMES WALLACE,<br><br>Plaintiff,<br><br>v.<br><br>BROTHERHOOD MUTUAL INSURANCE COMPANY,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. CIV-26-152-SLP |

**O R D E R**

Before the Court is Defendant's Objection To and Renewed Motion to Quash Plaintiff's Subpoena *Duces Tecum* Directed to Nonparty Welborn Insurance Agency, Inc. and Brief in Support [Doc. No. 16]. Plaintiff has filed a Response [Doc. No. 17], to which the Defendant replied [Doc. No. 18]. For the reasons that follow, Defendant's Motion is GRANTED in part.

This is a breach of contract and bad faith action arising out of an uninsured/underinsured motorist policy issued by Defendant Brotherhood Mutual Insurance Company (BMIC), bearing policy number 35A5A0516363 (the Policy). Plaintiff was injured while driving a vehicle owned by New Hope Baptist Church and insured by BMIC. Plaintiff made a claim for uninsured motorist benefits under the Policy. The Policy "contains a commercial auto ministry use endorsement that limits uninsured motorist benefits to the state mandated minimum when the vehicle is not being used in 'your ministry operations.'" *See* Jt. Status Report [Doc. No. 10] at 2. "Your ministry operations" is a defined term within the Policy. *See id*. Plaintiff alleges Defendant

breached the terms of the insurance Policy and violated its obligations of good faith and fair dealing in the handling of Plaintiff's insurance claim. Central to the lawsuit is whether Plaintiff was acting pursuant to New Hope Baptist Church's "ministry operations" when the accident occurred and is therefore potentially entitled to more than minimal coverage under the Policy.[1] *See generally* Mot. [Doc. No. 16] at 3; Resp. [Doc. No. 17] at 1-3.

Plaintiff issued a subpoena duces tecum to BMIC's agent, Welborn Insurance Agency, Inc. (Welborn), who assisted in procuring the Policy for New Hope Baptist Church. Plaintiff seeks from Welborn the production of (1) "[a]ll applications for insurance completed by authorized representatives for New Hope Baptist Church" and (2) "[c]omplete files in [Welborn's] possession for New Hope Baptist Church." *See* Subpoena *Duces Tecum* [Doc. No. 11-1] at 1.

BMIC subsequently filed the present Motion. BMIC asserts that the documents relating to coverage under the Policy are relevant, but all other requested documents are irrelevant for purposes of the present matter. As relief, BMIC requests that the Court quash the subpoena, or in the alternative, to modify and limit the Plaintiff's requests.

**I. Legal Standard and Standing**

Federal Rule of Civil Procedure 45 permits a party to seek discovery from a nonparty. A court must quash or modify any subpoena that, *inter alia*, "requires disclosure

---

[1] BMIC disputes Plaintiff's characterization of the Motion as seeking a "dispositive ruling" on the issue. Reply [Doc. No. 18] at 2; Resp. [Doc. No. 17] at 1. The Court reaches no conclusion in this Order as to whether Plaintiff's actions at the time of the subject accident fall within the terms of the "ministry operations" provision of the Policy.

of privileged or other protected matter, if no exception or waiver applies," or "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iii)–(iv). Additionally, a Rule 45 subpoena is subject to the same discovery scope and limits set forth in Rule 26(b)(1). "The party seeking a protective order or moving to quash a subpoena has the burden to demonstrate good cause and/or the privilege to be protected." *Morales v. E.D. Etnyre & Co.*, 228 F.R.D. 694, 696 (D.N.M. 2005).

Generally, only the party to whom the subpoena is directed has standing to challenge the subpoena. *Wichita Firemen's Relief Ass'n v. Kansas City Life Ins. Co.*, No. 11-1029-KGG, 2012 WL 3245451 at *2 (D. Kan. Aug. 8, 2012) (citing cases). But a third party may challenge a subpoena if it "has a personal right or privilege" with respect to the subject matter sought by the subpoena. *Id.* (citations omitted); *see also Gulf Coast Shippers Ltd. P'ship v. DHL Exp. (USA), Inc.*, No. 2:09CV221, 2011 WL 5102270 at *1 (D. Utah Oct. 26, 2011) (accord).

BMIC argues it has standing to challenge the subpoena on the basis it has a personal privilege as Welborn is its insurance agent.[2] Plaintiff does not challenge BMIC's standing to object to the subpoena. Accordingly, the Court will turn toward BMIC's objections.

---

[2] Although BMIC has presented threadbare evidence that it has a "personal right" to confer standing, whether BMIC has standing is not necessary to resolve the Motion. *See Sparkman v. Liberty Mut. Fire Ins. Co.*, No. CIV-20-710-R, 2021 WL 1646653, at *4 (W.D. Okla. Apr. 27, 2021) ("Absent standing by the movant or a valid claim of privilege or confidentiality, the Court may nevertheless limit the scope of the discovery sought on the basis of relevance."); *see also* Fed. R. Civ. P. 26(b)(2)(C)(iii).

**II. Relevancy**

BMIC objects to the requests on the basis that the document requests contained in Plaintiff's subpoena to Welborn are overly broad and not narrowly tailored to the needs of the case. *See* Mot. [Doc. No. 16] at 7-8.[3] BMIC asserts the requested documents in Welborn's possession relating to the Policy are relevant to Plaintiff's claims, but all other requested documents are irrelevant. *See id*. at 9. Relevance "encompass[es] any matter that bears on, or that reasonably could lead to other matter that could bear on any party's claim or defense." *United States ex rel. Shamesh v. CA, Inc.*, 314 F.R.D. 1, 8 (D.D.C. 2016) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)). "[W]hen the request is overly broad on its face or when relevancy is not readily apparent, the party seeking the discovery has the burden to show the relevancy of the request." *Johnson v. Kraft Foods N. Am., Inc.*, 238 F.R.D. 648, 653 (D. Kan. 2006). Plaintiff seeks the following documents from Welborn:

> 1. All applications for insurance completed by authorized representatives for New Hope Baptist Church.
> 2. Complete files in [Welborn's] possession for New Hope Baptist Church.

*See* Subpoena *Duces Tecum* [Doc. No. 11-1] at 1. Plaintiff asserts that all of the requested materials are relevant because the materials would help to understand:

> (i) what the Church told Welborn about its "ministry operations" for the purposes of securing insurance coverages; (ii) what Welborn understood the Church's "ministry operations" to be for the purpose of selecting the right carriers

[3] The parties briefing is underdeveloped as to whether Plaintiff's document requests are "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).

> and coverages; (iii) what the insurance carriers knew about the Church's "ministry operations" through Welborn in the underwriting and risk-assessment process prior to providing coverage; and (iv) what Defendant knew about the Church's "ministry operations when making its ultimate decision on Plaintiff's claim regarding the Church's "ministry operations."

*See* Resp. [Doc. No. 17] at 6. The Court finds that Plaintiff's requests are overly broad as stated. Plaintiff seeks damages relating to BMIC's handling of uninsured motorist benefit claim under Policy, which was issued by BMIC to New Hope Baptist Church. Welborn, New Hope Baptist Church, nor any other insurance carriers have been named as parties to the suit. While Plaintiff claims all requested documents are relevant to determine what Welborn understood about New Hope Baptist Church's "ministry operations," *see* Resp. [Doc. No. 17] at 5, the Court finds Plaintiff has not demonstrated how such information is relevant to the claims against BMIC. As phrased, the subpoena seeks all information in the possession of Welborn relating to New Hope Baptist Church, which would encompass all insurance files by nonparty insurance companies for all types of insurance policies, not just BMIC's uninsured/underinsured motorist policy Plaintiff sought coverage under. "[B]road discovery is not without limits and the trial court is given wide discretion in balancing the need and rights of both plaintiff and defendant." *Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1520 (10th Cir. 1995) (quotation omitted). While Plaintiff cites to authority from within this judicial district and within the Tenth Circuit relating to general discovery principles, such authority does not provide a basis for Plaintiff to seek all requested documents from Welborn. BMIC is the only named Defendant in this matter, and Plaintiff has not articulated how information surrounding other policies issued to New

Hope Baptist Church are relevant to the underwriting and claims handling practices of BMIC as to the Policy, the only insurance policy at issue in this matter. Likewise, Plaintiff has not shown how materials relating to Welborn's understanding of "ministry operations" and interactions with other insurance companies is relevant to claims against BMIC.

The Court agrees that the claim file and application for insurance as to the *specific policy* at issue are relevant to the disposition of the matter. However, the Court finds Plaintiff has not sufficiently articulated how the other requested documents are relevant to the claims against BMIC. The Court finds that Defendant is entitled to relief and that the document requests contained in the Subpoena *Duces Tecum* to Welborn Insurance Agency, Inc. [Doc. No. 11-1] should be modified as follows:

1. All applications for insurance completed by authorized representatives *for New Hope Baptist Church for BMIC Policy No. 35A50516363, in force on the date of incident, July 10, 2024*.

2. Complete files in your possession for New Hope Baptist Church *for all automobile and uninsured/underinsured motorist (UM/UIM) claims made during the one-(1)-year period in which the BMIC Policy No. 35A50516363 was in force, from May 19, 2024, to May 19, 2025*.

IT IS THEREFORE ORDERED that Defendant's Objection To and Renewed Motion to Quash Plaintiff's Subpoena *Duces Tecum* Directed to Nonparty Welborn Insurance Agency, Inc. and Brief in Support (the Motion) [Doc. No. 16] is GRANTED in

part.[4] The documents requests contained in Plaintiff's Subpoena Duces Tecum to Welborn Insurance Agency, Inc. [Doc. No. 16-1] is modified as set forth above.

IT IS SO ORDERED this 6th day of August, 2026.

**SCOTT L. PALK**
**CHIEF UNITED STATES DISTRICT JUDGE**

---

[4] Defendant requests "reasonable fees and costs for objecting and responding" to the Subpoena Duces Tecum. *See* Mot. [Doc. No. 16] at 10. Federal Rule of Civil Procedure 45(d)(1) requires the "party or attorney responsible for issuing and serving a subpoena" to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." The Court "must enforce this duty and impose an appropriate sanction." Fed. R. Civ. P. 45(d)(1). Defendant did not articulate with sufficient detail what expenses they seek to recover. Upon review, the Court finds the parties should bear their own costs and fees.